IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-12-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSEPH ALLEN WILLIAMS, )<br>)<br>Defendant. ) | **MEMORANDUM OPINION** |

This matter comes before the court to memorialize decision pronounced this day in open court on the renewed oral motion of defendant to continue his sentencing hearing. Defendant's motion, like so many others coming before the court recently, seeks to delay sentencing until the Fourth Circuit issues its en banc decision in United States v. Simmons, No. 08-4475 (4th Cir.), addressing the continued vitality of its earlier decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005) in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. ----, 130 S. Ct. 2577 (2010).

The panel's decision in Simmons, which upheld Harp, has been vacated by virtue of the grant of en banc review. See Local Appellate Rule 35(c). Accordingly, as defendant rightly argues, this issue remains somewhat unsettled. But as a general matter the court is not inclined to continue sentencing hearings on this issue where it believes, as did the panel in Simmons, that Harp remains good law even after Carachuri-Rosendo. See United States v. Hopkins, No. 5:10-CR-261-FL-1, 2010 WL 4974901 (E.D.N.C. Nov. 30, 2010). Consistent with this practice, the court initially denied defendant's written motion to continue at docket entry 34 as well as defendant's renewed oral motion to continue brought during the sentencing hearing.

Nevertheless, in light of the forceful arguments presented by defense counsel, the court reversed course and determined that a different result was warranted in this case. The court notes that the plea agreement was signed by the parties on March 4, 2010 and approved by the court on April 2, 2010, before Carachuri-Rosendo called Harp into doubt. In that plea agreement, defendant agreed to waive his ability to challenge the court's sentencing determination, and this happenstance of timing might deprive defendant of the ability to take advantage of a potential change in the law if the en banc court disagrees with the Simmons panel. According to defense counsel, following Carachuri-Rosendo, the Federal Public Defender has been able to obtain conditional appellate waivers (as opposed to the absolute one presented in this plea agreement) preserving this issue.[1]

In short, the court placed great weight here on the fact that the plea agreement was entered into more than a year ago, before Carachuri-Rosendo called Harp into doubt, and that defense counsel represented that she would have approached plea negotiations with the government differently. Unique circumstances of this case warrant a continuance.

SO ORDERED, this the 29th day of April, 2011

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] The government was not prepared to modify the plea agreement to permit a possible appeal of a sentence based on the Fourth Circuit's upcoming decision in Simmons. Defendant did not move to withdraw his plea.

2